**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 10-cv-01983-RPM

**Plaintiffs:**
NS, a minor, by and through his parents and next friends STEVEN SANTILLE and DENISE SANTILLE, and STEVEN SANTILLE and DENISE SANTILLE, individually,

v.

**Defendants:**
SOUTH PARK MEDICAL GROUP, PATTY SCHOVILLE, F.N.P., KATHERINE M. FITTING, M.D., and BRUCE GROSS, D.O.

___

**AMENDED COMPLAINT**
___

Plaintiffs, by and through their attorneys, The Mahoney Law Firm, P.C., and pursuant to Fed.R.Civ.P. 15(a)(1)(A), respectfully submit the following Amended Complaint:

### I. JURISDICTION

1. All Plaintiffs, Steven Santille (hereinafter SS), Denise Santille (DS), and NS, are citizens and residents of the State of Ohio. All Plaintiffs reside at 3063 State Route #314, Fredericktown, Ohio 43019.

2. All Defendants are citizens and residents of the State of Colorado and practice their professions in the State of Colorado.

3. The sum in controversy in this case exceeds $75,000 exclusive of interest and costs.

4. This court has subject matter jurisdiction in this case on the basis of complete diversity of citizenship, pursuant to 28 U.S.C. §1332.

5. Venue is appropriate in this court pursuant to 28 U.S.C. §1391.

### II. ALLEGATIONS COMMON TO ALL CLAIMS

6. Plaintiffs incorporate by reference all prior allegations of this amended complaint.

7. SS is the natural father of NS, a minor.

8. DS is the natural mother of NS, a minor.

9. NS was born in December of 2007.

10. NS came under the medical care of an entity called South Park Medical Group in Fairplay, Colorado.

11. Katherine M. Fitting, M.D., was, at all times relevant to this amended complaint, a medical doctor practicing as a primary care physician for the South Park Medical Group.

12. Defendant Fitting, at the South Park Medical Group in Fairplay, Colorado, rendered pediatric care from time to time to NS.

13. Patty Schoville, F.N.P. was, at all times relevant to this amended complaint, a family nurse practitioner employed by the South Park Medical Group, who rendered care to the minor Plaintiff NS.

14. At all times relevant to this amended complaint, Defendant Schoville was acting within the course and scope of her employment with the South Park Medical Group.

15. As Defendant Schoville's employer, South Park Medical Group is liable, under the theory of *respondeat superior*, for the negligent acts, if any, of Defendant Schoville.

16. Bruce Gross, D.O. was, at all times relevant to this amended complaint, an osteopathic physician who worked at Heart of the Rockies Medical Center in Salida, Colorado.

17. Defendant Gross held himself out to the community in general, and to the plaintiffs in particular, as skilled in emergency medicine and worked in the emergency medicine department of Heart of the Rockies Medical Center in Salida, Colorado.

18. NS was seen on 9/28/09 at South Park Medical Group in Fairplay, Colorado by family nurse practitioner Patty Schoville with complaints rendered by his mother of rash, cough, and irritability.

19. At the time of the above visit NS was 21 months of age, with a known and documented prior history in the South Park Medical Group record of pulmonary hypertension associated with a hospitalization on oxygen, and then on oxygen at home for 6 months.

20. On the above date (9/28/09), NS was very irritable and agitated. The family nurse practitioner could not obtain a weight and had difficulty obtaining a pulse oximetry reading – though she thought it was 84% and so recorded that in the record.

21. Defendant Schoville had Defendant Fitting evaluate the patient on that date as well.

22. Defendant Schoville placed in the chart, under coded diagnosis, probable hypoxia with etiology unknown.

23. Defendant Schoville wrote on that date (9/28/09) a prescription for oxygen saturations to be re-evaluated on room air at home.

24. Defendant Fitting also on the above date (9/28/09) personally evaluated the minor child NS, and obtained a history and performed a physical examination.

25. On 10/03/09, NS's mother, DS, called the South Park Medical Group stating that NS now had "edema" and that she was scared.

26. DS was advised to take NS to the Heart of the Rockies emergency department in Salida.

27. DS took NS to the hospital emergency department on 10/03/09, where NS was seen by Defendant Gross.

28. At that time, Defendant Gross noted swelling of the face, hands, and legs, and the presence of a rash on the neck and back of NS.

29. No blood pressure, respiratory rate, temperature, nor oxygen saturation were obtained at that time.

30. Laboratory data was obtained on Plaintiff NS, including many abnormal laboratory values (which were marked abnormal in the medical record), but which Defendant Gross indicated in the record as normal.

31. Defendant Gross discharged the minor Plaintiff NS, sending him home on that date (10/3/09) with the final impression of "an allergic reaction."

32. NS was next seen on 10/06/09 at South Park Medical Center in Fairplay, Colorado.

33. NS was seen by Defendant Schoville, presenting at that time with a temperature of 101 degrees, a respiratory rate of 60, a pulse of 150, and a pulse oximeter reading of 54%.

34. At that time, NS's face and extremities were swollen and he exhibited rapid breathing.

35. On 10/6/09 NS was also evaluated by Defendant Fitting.

36. An air evacuation ambulance was called for rapid transit to Swedish Medical Center in Denver, Colorado.

37. The chart diagnosis, established on that date, was edema, etiology unknown, and hypoxia – etiology unknown.

38. When NS arrived at Swedish Medical Center, they attempted stabilization of him and then transferred him to the pediatric intensive care center at Presbyterian/St. Luke's Medical Center in Denver, Colorado.

39. NS was admitted with signs and symptoms of congestive heart failure, right-sided heart failure, pulmonary hypertension, and collapsed lungs. NS needed endotracheal intubation, bronchoscopy, and full pulmonary ventilation.

40. Among NS's diagnoses were:

    a. Respiratory failure; and,

   b. Pulmonary hypertension requiring nitric oxide (see total parenteral nutrition).

41. NS remained at Presbyterian/St. Luke's Medical Center until 10/19/09, spending some of the time during the hospitalization on the critical care list.

42. NS was returned to his home on 10/19/09 after incurring in excess of $1,300,000 in medical expenses for his care.

### III. FIRST CLAIM FOR RELIEF – Patty Schoville, F.N.P.

43. Plaintiffs incorporate by reference all prior allegations of the complaint.

44. Defendant Schoville was negligent and substandard in her care of minor NS on 9/28/09, in that she obtained, had knowledge of, and documented in the record, a prior history on NS of pulmonary hypertension by prior diagnosis, prior need for home oxygen, an abnormal history, an abnormal physical examination, abnormal vital signs, and yet still did not make the diagnosis of an acute decompensating presence of pulmonary hypertension – causing hypoxia and the symptoms seen in NS.

45. As a direct and proximate result of Defendant Schoville's negligence, the minor child NS suffered injuries, damages, and losses, including brain seizures, and incurred in excess of $1,300,000 in medical expenses.

46. Plaintiffs plead for relief in subsequent portions of this amended complaint.

### IV. SECOND CLAIM FOR RELIEF – South Park Medical Group

47. Plaintiffs incorporate by reference all prior allegations of this amended complaint as if fully set forth herein.

48. Defendant South Park Medical Group, as the employer of Defendant Schoville, is liable, under the theory of *respondeat superior* and/or vicarious liability, for the above-described negligence of Defendant Schoville.

49. The negligence of Defendant Schoville was, in law, the negligence of Defendant South Park Medical Group.

50. As a direct and proximate result of Defendant South Park Medical Group's negligence, the minor child NS suffered injuries, damages, and losses, including brain seizures, and incurred in excess of $1,300,000 in medical expenses.

51. Plaintiffs plead for relief in subsequent portions of this amended complaint.

### V. THIRD CLAIM FOR RELIEF – Katherine Fitting, M.D.

52. Plaintiffs incorporate by reference all prior allegations of this amended complaint as if fully set forth herein.

53. Defendant Fitting was negligent and substandard in failing on 9/28/09 to properly supervise Defendant Schoville and to properly evaluate the minor child NS as displaying acute decompensation of his pulmonary hypertension.

54. As a direct and proximate result of Defendant Fitting's negligence, the minor child NS required hospitalization and incurred in excess of $1,300,000 in medical expense.

55. Plaintiffs plead for relief in subsequent portions of this amended complaint.

### VI. FOURTH CLAIM FOR RELIEF – Bruce Gross, D.O.

56. Plaintiffs incorporate by reference all prior allegations of this amended complaint.

57. Defendant Gross was negligent and substandard in his evaluation of the minor child NS on 10/03/09 in Salida, Colorado, in that he failed to obtain vital signs, failed to appreciate the significance of multiple abnormal laboratory studies, failed to obtain a proper history, failed to communicate with the personnel at South Park Medical Group, and failed to perform a proper physical examination.

58. As a direct and proximate result of Defendant Gross's negligence, the minor child NS was made to undergo a one-month emergency hospitalization at Presbyterian/St. Luke's Medical Center in Denver, Colorado, and to incur in excess of $1,300,000 in medical expenses.

59. Plaintiffs plead for relief in subsequent portions of this amended complaint.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. For a sum of money for non-economic damages for NS for his pain and suffering, and his loss of enjoyment of life due to the Defendants' negligence.

2. For economic damages, including approximately $1,300,000 in prior medical expenses which Plaintiffs have incurred.

3. For costs of suit.

4. For expert witness fees.

5. For interest at the statutory rate from accrual of these causes of action.

6. For such other and further relief that the court may deem appropriate.

Respectfully submitted this 28th day of September, 2010

THE MAHONEY LAW FIRM, P.C.

By: s/ Paul M. Mahoney, #23298
Dennis M. Mahoney, #2484
Paul M. Mahoney, #23298
Kevin S. Mahoney, #26154
3300 East 1st Avenue, Suite 480
Denver, CO 80206
Telephone: 303-987-2210
Telecopier: 303-987-0045
E-Mail: paul@mahoneylaw.com
*Attorneys for Plaintiff*

Plaintiffs' Address:
3063 State Route #314
Fredericktown, Ohio  43019
(419) 768-4237

## CERTIFICATE OF SERVICE

      I hereby that on September 28, 2010, I electronically filed the foregoing **Amended Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Kay J. Rice, Esq.
Cooper & Clough, P.C.
1512 Larimer Street, Suite 600
Denver, CO  80202
krice@cooper-clough.com
*Attorneys for Defendant Gross*

Robert Ruddy, Esq.
Robert Ruddy, P.C.
1512 Larimer Street, Suite 600
Denver, CO  80202
bob@ruddypc.com
*Attorneys for Defendants Fitting,*
*South Park Medical Group, and Schoville*

                                                              s/ Paul M. Mahoney, #23298